Grace E. Andrews v. Commissioner. Linden Andrews, Jr. v. Commissioner.
Andrews v. Commissioner
Docket Nos. 3146-67, 3754-67.
United States Tax Court
T.C. Memo 1968-255; 1968 Tax Ct. Memo LEXIS 44; 27 T.C.M. (CCH) 1349; T.C.M. (RIA) 68255; November 4, 1968, Filed *44 Petitioners were legally divorced, the mother having custody of their four children. The father made payments for the support of the four children. Held, the mother proved that she furnished over one-half of the children's support and the father did not prove that he did so. Donald L. Conn, for the petitioner in Docket No. 3146-67. Linden Andrews, Jr., pro se, 14 Maple Ave., Foxboro, Mass., in Docket No. 3754-67. Alan I. Weinberg, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in each of petitioners' income tax for the year 1964 as follows: Grace E. Andrews
Dkt. No. 3146-67 [1]
$637.83
Linden Andrews, Jr.
Dkt. No. 3754-67 [1]
382.00 [2]
The basic question is whether the four minor children of Grace E. Andrews and Linden Andrews, Jr., were dependents of either of them. The answer to this question determines whether either *45 Grace or Linden are entitled to deductions for dependency exemptions in whole or in part for the children which the Commissioner disallowed. Also the answer governs whether Grace is entitled to deductions for medical and dental expenses and child care expenses incurred for her four children which also were disallowed. Regarding Docket No. 3754-67, only Linden is a petitioner although the Commissioner's notice of deficiency was addressed to Linden and Marion L. Andrews. 1350 Findings of Fact Some of the facts are stipulated, are found accordingly and are incorporated by this reference. Grace E. Andrews (hereinafter Grace), a legal resident of Melrose, Mass., at the time she filed her petition in this proceeding, filed her individual Federal income tax return for 1964 with the district director of internal revenue for Massachusetts. Linden Andrews, Jr. (hereinafter Linden) and Marion L. Andrews filed their return jointly for 1964 with the district director of internal revenue for Massachusetts. Linden was a legal resident of Foxboro, Mass., at the time he filed his petition in this case. Prior to 1964 Grace and Linden were legally divorced. By Court decree Grace was awarded *46 custody of their four children. Both Grace and Linden claimed the four children on their respective income tax returns for 1964 as deductions for personal exemptions. Grace also claimed deductions for child care expenses. The children and their respective birth dates are: Elizabeth, October 10, 1952; Linda, August 11, 1954; Linden, February 25, 1956; and Cindy, December 17, 1957. During 1964 Linden paid Grace $2,475 for support of their four children. Grace earned income of $4,750.59 in 1964. In that year she received $500 from the estate of her stepmother, approximately $506 from the settlement of a claim arising out of an automobile accident and approximately $1,200 as a gift from her father. She also received two loans of $250 and $185 from a bank. Therefore, her cash receipts for 1964 were approximately $7,391.59 plus the $2,475 paid by Linden for a total of $9,866.59. During 1964 Grace incurred the following indivisible expenses for the combined support of herself and the four children: Rent
$1,035.00
Oil
186.45
Gas, Electric
192.16
Moving
222.62
Food, Groceries
2,600.00
Motels during vacations
180.00
Refrigerator, Television
407.12
Laundry 66.00
Total
$4,889.35
*47 During 1964 Grace incurred the following expenses for the support of the children: Clothing
$1,000.00
Bicycles
90.24
Child Care:
Kathleen Ford
65.50
Sharon Murphy
50.50
Palmie Melito
981.00
Malden Day Nursery
209.50
Hobbies
50.00
School and Library
150.00
Medical:
Vitamins
92.40
Doctors, Dentists
115.00
Hospital 5.00
Total
$2,809.14
Additionally, Grace spent approximately $250 for fuel and maintenance of an automobile plus $90 for insurance on it. She used the car for the children's benefit to a substantial but inestimable degree. On three of the six occasions Grace and the children took vacations in Maine, they stayed at her father's house. Since her father provided their food and lodging she avoided expenditures of about $180. The above expenditures represent the total support provided for the children. The child care expenditures were incurred for the purpose of enabling Grace to be gainfully employed. Ultimate Findings of Fact Grace furnished over half of the support for the four children. Linden did not furnish over half of their support. Opinion These cases turn on whether the four children were dependents of either *48 petitioner. Subsection 152(a) [3] provides, in part: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer * * * Applying this definition to the cases at hand, we think it is obvious that the children were dependents of Grace and not dependents of Linden. Grace incurred indivisible expenses on behalf of herself and the four children totaling $4,889.35. 1351 Four-fifths of that amount, or $3,911.48, is allocable to the support of the children. She also paid $2,809.14 directly for thier support. The total of these expenditures for the support of the children is $6,720.62. Although some of these sums originated as a gift from Grace's father and an inheritance from her stepmother, it must be remembered that the gift was made to Grace and that it and the inheritance belonged to her rather than to the children; therefore, their origin does not change the fact that Grace *49 met the expenses only with her own funds and with Linden's support payments. Even taking this minimum amount of support as the total furnished the children, Linden obviously did not furnish over half. The parties stipulated that he provided $2,475. On the other hand, Grace clearly furnished over half. Inclusion in total support of the maximum proportionate value of lodging and meals provided by Grace's father during the vacations, i.e., four-fifths of $180 or $144, and exclusion of the inestimable proportion of automobile and insurance expenses do not change this conclusion. The Commissioner, in his brief, stated, in effect, that Grace "is entitled to the claimed deductions" if she proves that she is entitled to the dependency exemptions. Since we have found for Grace on the dependency issue, the Commissioner has conceded that Grace is entitled to all the deductions which he disallowed in his deficiency notice to her. Decision will be entered for the petitioner in Docket No. 3146-67. Decision will be entered under Rule 50 in Docket No. 3754-67. Footnotes
1. The cases in these two dockets were consolidated for trial and decision. ↩
2. The notice of deficiency provided for a credit of $211.80 because of an "Overpayment claimed (not refunded)" and stated that the "Net additional tax" was $170.20.↩
3. All statutory references are to the Internal Revenue Code of 1954.↩